**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | |
|---|---|
| GREGORIO GARCIA, III, § | |
| Plaintiff § | |
| § | |
| § | Civil Action No. 1:22-cv-102 |
| v. § | |
| § | |
| § | |
| BERNADETTE RODRIGUEZ, et al § | |
| Defendants § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The Court is in receipt of the "Complaint for Violation of Civil Rights" filed by pro se Plaintiff Gregorio Garcia, III. Dkt. No. 1. Defendants Bernadette Rodriguez, T. Wiktorik, and P. Salinas filed a Motion to Dismiss (hereinafter, Defendants' "Motion" or "Motion to Dismiss") on November 10, 2022. Dkt. No. 29. Garcia has not filed a response to Defendants' Motion. For the reasons provided below, it is recommended that Defendants' Motion be **GRANTED**, in part, and **DENIED**, in part, as specified herein.

### I.   Jurisdiction and Venue

The Court has federal question subject matter jurisdiction because Garcia has alleged violations of 42 U.S.C. § 1983. *See* Dkt. No. 1; 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). Venue is proper in this District because the alleged events giving rise to Garcia's lawsuit occurred here. *See* Dkt. No. 1 (describing actions and omissions occurring in Willacy County, Texas); 28 U.S.C. § 1391(b)(2) (noting that a civil action may be brought in the judicial district where "a substantial part of the events or omissions giving rise to the claim occurred").

## II.     Procedural History

Garcia filed his Complaint on August 8, 2022, while in the custody of the Willacy State Jail ("WSJ") in Raymondville, Texas.[1]  Dkt. No. 1.  Garcia's Complaint lists as defendants: (1) "Senior Warden Bernadette Rodriguez"; (2) "Assistant Warden T. Wiktorik"; (3) "Unit Grievance Investigator P. Salinas"; (4) "Dr. J. Desai"; and (5) "Head Nurse De la Cruz".  *Id.* at 2-3.  The gravamen of his Complaint is that, while in custody at WSJ, the defendants failed to provide proper medical care for his Covid-related chest pain and were deliberately indifferent to his claims of exposure to K-2 smoking in his dorm.  *Id.* at 5.

On September 19, 2022, Garcia filed another complaint (Garcia's "Second Complaint") listing as defendants: (1) "Dr. J. Desai"; (2) "Head Nurse De la Cruz"; and (3) WSJ.  *Garcia v. Desai et al,* No. 1:22-cv-130 (S.D. Tex. filed Sept. 19, 2022, at Dkt. No. 1).  In his Second Complaint, Garcia again alleges that he did not receive proper treatment for his chest pain due to Covid; he further alleges he did not receive a Covid vaccine or any booster shots, and that unnecessary force was used against him.  *Id.*  On August 30, 2022, the Court consolidated Garcia's Second Complaint with his original Complaint.  Dkt. No. 16.

Defendants Rodriguez, Wiktorik, and Salinas (hereinafter, "Defendants" or "Institutional Defendants") filed the instant Motion to Dismiss on November 10, 2022.  Dkt. No. 29.  Defendants contend that Garcia's claims against them fail to state a claim

---

[1] Garcia's Complaint, originally filed in the Corpus Christi Division of the Southern District of Texas (Civil Action No. 2:22-cv-188), was transferred to the Brownsville Division of the Southern District of Texas on August 10, 2022.  Dkt. No. 5.

for relief. They additionally argue that Garcia's claims should be dismissed because he has failed to exhaust his administrative remedies pursuant to the Prisoner Litigation Reform Act. To date, Garcia has not responded to Defendants' Motion to Dismiss.

### III.   Legal Standards

#### A.   Fed. R. Civ. P. 12(b)(6)

Dismissal is appropriate under Rule 12(b)(6) if the claimant fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The Supreme Court has confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a). *Richter v. Nationstar Mortgage, LLC*, No. H-17-2021, 2017 WL 4155477, at *3 (S.D. Tex. Sept. 19, 2017) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-80 (2009)). Rule 8(a) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

To withstand a Rule 12(b)(6) challenge, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. This entails "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555 (internal citation omitted). Rather, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*. While a pro se plaintiff's pleadings must be read more liberally than those filed by an attorney, the complaint must allege sufficient facts to raise to the court at least a colorable claim seeking relief. *See Bustos v. Martini Club, Inc.*, 599 F.3d 458, 465-66 (5th Cir. 2010).

#### B.   PLRA Exhaustion of Administrative Remedies

Pursuant to the Prisoner Litigation Reform Act (PLRA), prisoners are required to exhaust their administrative remedies prior to filing suit. 42 U.S.C. § 1997e(a); *Jones v.*

3

*Bock*, 549 U.S. 199, 202 (2007). "No action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The failure to exhaust is an affirmative defense which the defendant must prove. *Jones*, 549 U.S. at 216-18 ("When defendants seek to avail themselves of the affirmative defense of failure to exhaust, they bear the burden of showing that administrative remedies were not exhausted."). Raised in the context of a Rule 12(b)(6) motion, success on an exhaustion argument is difficult to achieve because "inmates are not required to specifically plead or demonstrate exhaustion in their complaints." *Id*. at 216.

In addition, although strict compliance is required, "[i]nmates need not exhaust all administrative remedies, . . . only those that are available to them." *Davis v. Hernandez*, 798 F.3d 290, 294 (5th Cir. 2015); *Brantner v. Freestone Cty. Sheriffs Office*, 776 F. App'x 829, 833 (5th Cir. 2019) ("A prisoner is not required to exhaust remedies if remedies are unavailable."). For example, a grievance procedure is unavailable if "it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates." *Ross v. Blake*, 578 U.S. 632, 633 (2016).

## IV. Discussion

### A. PLRA Exhaustion of Administrative Remedies and Physical Injury

1. *Exhaustion*

Defendants have moved to dismiss the claims against them because Garcia has not exhausted his administrative remedies as required by the PLRA. Defendants argue that while Garcia asserts that he attempted to file grievances, he has not specifically alleged

4

that he complied with the "TDCJ two-step administrative grievance process". Dkt. No. 29 at 6. Meanwhile, Garcia has alleged that he "submit[ted] grievances three different times which were all sent back", and that the grievance process was obstructed. Dkt. No. 1 at 5, 8.

Because "exhaustion is an affirmative defense, the burden is on [Defendants] to demonstrate that [Garcia] failed to exhaust available administrative remedies." *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010). "[I]t is the prison's requirements, and not the PLRA that define the boundaries of proper exhaustion." *Jones*, 549 U.S. at 216. "Nothing in the [PLRA], however, prescribes appropriate grievances procedures or enables judges, by creative interpretation of the exhaustion doctrine, to prescribe or oversee prison grievance systems." *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001).

Defendants have not submitted documentation regarding what procedures Garcia was required to follow prior to filing suit. They merely assert that Garcia should have alleged that he followed a two-step procedure without further describing the process. On the limited record they have provided, Defendants have failed to meet their burden on the affirmative defense of exhaustion. *See Cantwell v. Sterling*, 788 F.3d 507, 509 (5th Cir. 2015); *Scott v. Poret*, 548 Fed. App'x 160 (5th Cir. 2013).

In addition, Garcia appears to contest whether he could have fulfilled the grievance process at his facility, stating that he was prevented from doing so. The Court cannot evaluate the parties' contentions related to the grievance process without further information. Because the totality of the applicable grievance policy and steps that Garcia has undertaken to comply are not before the Court, it cannot determine whether the grievance process was available to Garcia. *See Cantwell*, 788 F.3d at 509 ("We do not know what the applicable grievance procedures—those used in [plaintiff's] facility during

5

the time period involved in this case—were . . . Without knowing what the applicable grievance procedures say, it's impossible to determine whether [Garcia] exhausted them."). Moreover, Defendants do not dispute Garcia's allegations that the applicable grievance process may have been unavailable to him. Accordingly, it is not clear that Garcia failed to exhaust his administrative remedies.

The Fifth Circuit recommends resolving factual disputes regarding exhaustion at the summary judgment stage: "When the defendant raises exhaustion as an affirmative defense, the judge should usually resolve disputes concerning exhaustion prior to allowing the case to proceed on the merits. If the plaintiff survives summary judgment on exhaustion, the judge may resolve disputed facts concerning exhaustion, holding an evidentiary hearing if necessary." *Dillon*, 596 F.3d at 273. As such, Defendants' Motion to Dismiss should be denied without prejudice as to the affirmative defense of failure to exhaust pursuant to the PLRA.

2. *Physical Injury*

Defendants also contend that Garcia's claims are barred by the PLRA because he failed to allege a physical injury. Pursuant to the PLRA, "[n]o federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Without a physical injury, a plaintiff cannot recover damages. *See Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005) ("Section 1997e(e) applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury"). In addition, the injury required "must be more than *de minimis* but need not be significant." *Alexander v. Tippah Cty., Mississippi*, 351 F.3d 626, 630-31 (5th Cir. 2003).

6

Here, Garcia complains of alleged shoulder soreness and chest pain due to the failure to treat him for Covid. Courts have found that similarly severe allegations meet the PLRA physical injury requirement. For example, in *Smith v. Leonard*, an inmate who complained of headaches, sinus problems, eye irritation, and fatigue due to exposure to lead paint, mold, asbestos, and unsanitary conditions, satisfied the PLRA physical injury requirement. 244 F. App'x 583, 584 (5th Cir. 2007). *See also Sherriff v. Christian, et al*, No. 3:20-cv-989-E (BH), 2021 WL 1968305, at *7 (N.D. Tex. Apr. 30, 2021) (allegations of repeated sinus infections characterized by coughing, a sore throat, and congestion, met the physical injury requirement); *Springer v. United States*, No. 3:20-cv-3088-B (BH), 2021 WL 4552239, at *12 (N.D. Tex. Aug. 24, 2021) (allegations of suffering due to upper respiratory issues found to meet the physical injury requirement). Accordingly, Garcia has sufficiently alleged a physical injury for purposes of the PLRA, and Defendants' Motion to Dismiss the claims against them on this basis should be denied.

**B.     Section 1983 Claims Against Prison Officials**

   1. *Failure to Provide Adequate Medical Care*

Defendants argue that Garcia's claims against them should be dismissed for failure to state a claim, because Garcia has failed to plead sufficient facts to support his allegations of failure to provide adequate medical care. Fed. R. Civ. P. 12(b)(6). Specifically, Defendants assert that he failed to allege how they subjectively knew of substantial risks of harm based on the alleged inadequate medical care.

Under the Eighth Amendment, institutional officials are constitutionally required to provide adequate medical care. U.S.C.S. Const. Amend. 8; *Rogers v. Boatright*, 709 F.3d 403, 409 (5th Cir. 2013). In order to state a constitutional violation, a plaintiff must allege that the official acted with deliberate indifference toward his serious medical

7

condition, resulting in an "unnecessary and wanton infliction of pain." *Morris v. Livingston*, 739 F.3d 740, 747 (5th Cir. 2014) (internal citation omitted). Deliberate indifference "is an extremely high standard to meet". *Brewster v. Dretke*, 587 F.3d 764, 770 (5th Cir. 2009) (internal citation omitted). A plaintiff must first show objective exposure to a substantial risk of serious bodily harm. *Gobert v. Caldwell*, 463 F.3d 339, 345-46 (5th Cir. 2006). A plaintiff must then show that the official both knew of the substantial risk and disregarded it. *Id*. "[D]eliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." *Thompson v. Upshur Cty.*, 245 F.3d 447, 449 (5th Cir. 2001) (internal citation omitted).

Defendants contend that Garcia fails to allege how they knew of substantial risks of harm to him due to inadequate medical care, since he "does not include in his Complaint that he told Defendants about his attempts to receive medical care." Dkt. No. 29, at 4. In the facts underlying his Complaint, Garcia alleged:

> When I arrived back to the Willacy Unit I complained of chest pain because I had contracted Covid at another unit. I was seen by Dr. Desai and he told me that Covid is not associated w[ith] chest pain. I sent a request to the Warden to be moved because of the amount of K-2 smoking in the dorm I was assigned with no response. I had to submit grievances 3 different times which all were sent back. The requests for medical went unanswered.

Dkt. No. 1, at 5. As stated, Garcia's medical claims concern medical judgments made by the medical personnel defendants. With regard to his medical care, Garcia has not pleaded facts sufficient to establish deliberate indifference on the part of Institutional Defendants Rodriguez, Wiktorik, and Salinas. To the extent that Garcia alleges that he requested medical care for chest pain from the Institutional Defendants, the claims are

8

devoid of facts. The Court, then, is unable to determine whether any of the Institutional Defendants were both "aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed]" and in fact "[drew] the inference." *Brewster*, 587 F.3d at 770 (internal citation omitted); *see also Armstrong v. Hodges*, No. H-11-1611, 2011 WL 5156796, at *2 (S.D. Tex. Oct. 27, 2011) (dismissing medical claim where the plaintiff failed to plead facts specific to "permit a finding that [defendant]" could infer a substantial risk of harm and "actually drew an inference"). Accordingly, Defendants' Motion to Dismiss with respect to the claims of failure to provide adequate medical care should be granted.

   2. *Exposure to Secondhand Smoke*

Lastly, Defendants argue that Garcia's claim for exposure to second-hand smoke should be dismissed for failure to adequately plead facts in support of those allegations. "While the Constitution does not require that custodial inmates be housed in comfortable prisons, the Eighth Amendment's prohibition against cruel and unusual punishment does require that prisoners be afforded 'humane conditions of confinement'." *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001) (internal citation omitted). To state a claim for conditions of confinement in violation of the Eighth Amendment, a prisoner must allege: (1) that the deprivation was sufficiently serious, such that an official's action or omission resulted in the denial of "the minimal civilized measure of life's necessities", and (2) that the official acted with deliberate indifference to the prisoner's health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Palmer v. Johnson*, 193 F.3d 346, 352 (5th Cir. 1999).

As to the first part of the analysis, the Eighth Amendment protects against deliberate indifference to conditions that pose an unreasonable threat to prisoners'

9

health. *See Helling v. McKinney*, 509 U.S. 25, 35 (1993) (holding that an inmate may obtain relief pursuant to § 1983 for exposure to environmental tobacco smoke ("ETS") even in the absence of a present physical injury). A prisoner sufficiently states a claim for deliberate indifference if he alleges that he was exposed to ETS for a sustained time, even if it has not already harmed his health. *See Murrell v. Chandler*, 109 Fed. Appx. 700, 701 (5th Cir. 2004) (internal citation omitted). Notwithstanding, "sporadic and fleeting exposure" to ETS is not "unreasonably high" for the purposes of *Helling*. *Richardson v. Spurlock*, 260 F.3d 495, 498 (5th Cir. 2001). The second part of the analysis dictates that "deliberate indifference" exists when the official is aware that inmates are at risk of serious harm and disregard the risk by failing to take steps to abate it. *Farmer*, 511 U.S. at 848.

Defendants argue that Garcia has failed to state a claim for deliberate indifference due to exposure to secondhand smoke because his claims "are very vague and do not include any mention of the levels of smoke in the dorms or that he has sustained any irreparable and permanent damage as a result of the smoke." Dkt. No. 29, at 5. Additionally, Defendants assert that Garcia has failed to allege that they demonstrated deliberate indifference. The Court finds that Garcia's claims of exposure to secondhand smoke are facially plausible. While claims of sporadic exposure are not sufficient, Garcia complains of ongoing smoking in his dorm, stating that he complained to the Warden and submitted several grievances regarding this issue. As for deliberate indifference, Garcia cites inaction by the Warden in response to his requests.

Considering these allegations and accepting them as true, the Court can reasonably infer that Defendant Rodriguez may be liable for the alleged conduct. *See Ashcroft*, 556 U.S. at 678. Accordingly, Garcia has sufficiently stated a claim against Defendant

Rodriguez for deliberate indifference to his exposure to secondhand smoke. The Court, then, should deny Defendants' Motion to Dismiss regarding Garcia's claims of deliberate indifference to exposure to secondhand smoke against Defendant Rodriguez. However, Garcia failed to demonstrate that Defendants Wiktorik and Salinas are liable on the face of the Complaint, as the alleged facts do not mention any action or inaction taken by them. Even construed liberally, Garcia has not sufficiently stated a claim against Defendants Wiktorik and Salinas for deliberate indifference. Defendants' Motion to Dismiss with respect to the claims of deliberate indifference to exposure to secondhand smoke against Defendants Wiktorik and Salinas should be granted.

## V. Recommendation

For the foregoing reasons, it is recommended that Defendants' Motion be **GRANTED**, in part, and **DENIED**, in part, as specified herein.

## VI. Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

**SIGNED** on this **21st** day of **December**, **2022**, at Brownsville, Texas.

_____
Ignacio Torteya, III
United States Magistrate Judge