**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | |
|---|---|
| GREGORIO GARCIA, III, §<br>Plaintiff §<br>§<br>§ Civil Action No. 1:22-cv-102<br>v. §<br>§<br>§<br>BERNADETTE RODRIGUEZ, et al, §<br>Defendants § | |

**MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

Before the Court is Plaintiff Gregorio Garcia, III's "Complaint for Violation of Civil Rights" (hereinafter, Garcia's "Complaint"). Dkt. No. 1. For the reasons provided below, it is recommended that the Court: 1) **DISMISS** with prejudice Plaintiff's claims for failure to prosecute pursuant to Fed. R. Civ. P. 41(b); and 2) **DIRECT** the Clerk of Court to **CLOSE** this case.

**I.     Jurisdiction**

The Court has federal question subject matter jurisdiction because Garcia has alleged violations of 42 U.S.C. § 1983. *See* Dkt. No. 1; 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). Venue is proper in this District because the alleged events giving rise to Garcia's lawsuit occurred here. *See* Dkt. No. 1 (describing actions and omissions occurring in Willacy County, Texas); 28 U.S.C. § 124(b)(4) ("The Brownsville Division comprises the counties of Cameron and Willacy."); 28 U.S.C. § 1391(b)(2) (noting

that a civil action may be brought in the judicial district where "a substantial part of the events or omissions giving rise to the claim occurred").

## II.  Background and Procedural History

Garcia filed his Complaint on August 8, 2022, while in the custody of the Willacy State Jail ("WSJ") in Raymondville, Texas.[1] Dkt. No. 1.  The gravamen of his Complaint is that, while in custody at WSJ, Defendants failed to provide proper medical care for his Covid-related chest pain and were deliberately indifferent to his claims of exposure to "K-2 smoking in [his] dorm." *Id.* at 5.  On August 30, 2022, the Court entered an order granting Garcia's motion for leave to proceed *in forma pauperis*.  Dkt. No. 9.  The Court notified him that "[b]ecause notices will only be sent to the address on file, Plaintiff must keep the Clerk of Court advised in writing of his current address . . . <u>Failure to do so may be interpreted as failure to prosecute and may also result in the dismissal of this case</u>." *Id.* at 4.

On September 19, 2022, Garcia filed another complaint (Garcia's "Second Complaint") again alleging that he did not receive proper treatment for his chest pain due to Covid; he further alleged he did not receive a Covid vaccine or any booster shots, and that unnecessary force was used against him.  *Garcia v. Desai et al,* No. 1:22-cv-130 (S.D. Tex. filed Sept. 19, 2022, at Dkt. No. 1).  On September 29, 2022, Garcia updated his address with the Clerk of Court in both cases.  Dkt. No. 14; *Garcia v. Desai et al,* No. 1:22-cv-130 (S.D. Tex. filed Sept. 19, 2022, at Dkt. No. 9.  Thereafter, on October 6, 2022, the

---

[1] Garcia's Complaint, originally filed in the Corpus Christi Division of the Southern District of Texas (Civil Action No. 2:22-cv-188), was transferred to the Brownsville Division of the Southern District of Texas on August 10, 2022.  Dkt. No. 5.

Court consolidated Garcia's Second Complaint with his original Complaint. Dkt. No. 16. Following the change of address and consolidation of the cases, initial correspondence mailed to Garcia was delivered successfully. Dkt. Nos. 20, 21.

On November 10, 2022, Defendants Rodriguez, Wiktorik, and Salinas filed a motion to dismiss Garcia's Complaint for: 1) failure to state a claim for relief; and 2) failure to exhaust administrative remedies. Dkt. No. 29. Garcia did not respond to the motion to dismiss, which was ultimately granted in part, and denied in part. Dkt. No. 49. On November 22, 2022, the Court scheduled an initial pretrial conference.[2] Dkt. No. 31. Thereafter, on December 16, 2022, Court correspondence mailed to Plaintiff was returned as undeliverable. Dkt. No. 38; *but see* Dkt. No. 39 (marked as delivered successfully on December 19, 2022). On January 12, 2023, Defendants filed a joint case management plan[3] and proposed scheduling order in advance of the initial pretrial conference. Dkt. Nos. 46, 47. Defendants stated that they attempted to contact Garcia but the mail was returned as undeliverable, so they were unable to confer with him regarding the discovery plan and dates for the proposed scheduling order. *Id.* In addition, subsequent Court correspondence mailed to Garcia was returned as undeliverable on January 12, 2023. Dkt. No. 48. On January 26, 2023, counsel for all Defendants appeared for the initial pretrial conference; Garcia, however, failed to appear. *See* Minute Entry dated January 26, 2023.

---

[2] The initial pretrial conference, set for January 17, 2023, was later rescheduled for January 26, 2023. Dkt. No. 40.
[3] Although labeled as a "Joint Discovery/Case Management Plan," Defendants clarified it was filed without any input from Garcia.

To date, Garcia has not complied with the Court's August 30, 2022 Order to keep his address updated with the Clerk of Court, or otherwise indicated that he is willing and able to prosecute his lawsuit.

### III. Legal Standard

Rule 41(b) governs involuntary dismissal of civil actions and provides for dismissal in the event of a failure to prosecute or comply with court orders: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). *See Rossmann v. Pompeo*, No. 3:17-CV-2975-L-BH, 2017 WL 6559152 (N.D. Tex. Nov. 20, 2017), *adopted by*, 2017 WL 6558159 (N.D. Tex. Dec. 22, 2017) (recommending dismissal for failure to prosecute after plaintiff failed to submit application in forma pauperis in compliance with a court order); *Raker v. City of Corpus Christi Police Dept.*, No. MC-08-22, 2008 WL 3317006, at *2 (S.D. Tex. Aug. 7, 2008) (dismissing a plaintiff's action for failure to prosecute after plaintiff failed to submit an amended complaint in compliance with a court order).

Whether to involuntarily dismiss an action is an "inherent power of the court, to be exercised in the district court's discretion." *Ford v. Sharp*, 758 F.2d 1018, 1021 (5th Cir. 1985). Notwithstanding, dismissal with prejudice is an "extreme" sanction. *Markwell v. Cnty. Of Bexar*, 878 F.2d 899, 902 (5th Cir. 1989). A court should dismiss for failure to prosecute if "there is a clear record of delay or contumacious conduct." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992). "District courts may, for

4

appropriate reasons, dismiss cases *sua sponte*. For example, *sua sponte* dismissal is appropriate when a plaintiff fails to prosecute her case." *Carver v. Atwood*, 18 F.4th 494 (5th Cir. 2021) (internal citation omitted).

### IV. Discussion

Rule 41 establishes that if a plaintiff fails to comply with a court order, dismissal of the action is proper and serves as an adjudication on the merits. *See* Fed. R. Civ. P. 41(b). Upon his release from custody of the Bureau of Prisons, Garcia updated his address. However, he has since failed to keep his address current with the Court and has not otherwise inquired into the status of his case. In addition, he did not file a response to a motion to dismiss the Complaint and failed to appear at a Court-ordered conference. This indicates to the Court that Garcia may have no desire to continue prosecuting his claims. Given the Court's prior warnings in this case, and his failure to comply with the Court's orders, Garcia's case should be dismissed with prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

### V. Recommendation

For the foregoing reasons, it is recommended that the Court: 1) **DISMISS** with prejudice Plaintiff's claims for failure to prosecute pursuant to Fed. R. Civ. P. 41(b); and 2) **DIRECT** the Clerk of Court to **CLOSE** this case.

### VI. Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen

days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**SIGNED** on this **1st** day of **February, 2023**, at Brownsville, Texas.

_____
**Ignacio Torteya, III**
**United States Magistrate Judge**